## DURAND et al. *vs.* SAGE.

APPEAL FROM CIRCUIT COURT, RACINE COUNTY.

Heard March 17.]                                                    [Decided May 4, 1860.

### Contract—Specific Performance.

Where there had been a default in making a payment upon a contract for the sale of real estate, and the party to whom the money was due, did acts which waived the payment, then the time of payment was not so much of the essence of the contract, as that one day's default should defeat the rights of the other party.

This was an action for a specific performance of a contract to convey a part of a lot in the city of Racine. Sage had entered into a contract to sell the lot to one Putney for $500, payable in five equal annual payments at 12 per cent., commencing on the 20th of March, 1852, and ending 1856. The agreement provided, that "in case of failure of the said party of the second part to make either of the payments, or perform any of the covenants on his part, the party of the first part should have the right to declare said contract forfeited and determined, and to re-enter and take possession, and to have and retain all payments that should have been made upon said contract." The two first payments were made by Putney, when he assigned *his* contract to the plaintiffs, Durand & Hill. . The payment due in 1854 was not called for; and in November it was offered and refused, but it was finally agreed that the whole matter might rest until the fourth payment became due, when complainants were to pay the three payments remaining unpaid. On the 21st day of March,

1855, the whole amount due and to become due, was offered to the defendant and refused, because it was not tendered on the 20th. On the 20th of March, 1856, the whole amount unpaid, with interest at 12 per cent., and interest upon interest, and $50 in addition, was tendered by the plaintiffs in gold, and a deed was demanded, which was refused, and the money was on that day deposited, where it has been since and still remains in tender for defendant.

On the trial in the circuit court, the judgment was given for the plaintiffs, from which the defendant appealed.

*Strong & Fuller,* for the appellant.

1. After the written notice that the contract was forfeited, the day of performance became material and of the essence of the contract, and the respondents were confined to their strict legal rights. *Hall vs. Delaplaine,* 5 Wis., 215; Cowen and Hill's Notes, 343, 345; *Benedict vs. Lynch,* 1 John Ch., 369; *Breed vs. Hurd,* 6 Pick.; *De Wolf vs. Long,* 2 Gilman, 679; 1 Saunder's Plead., 33, note 2; 8 East., 168; Graham's Prac., 541 and cases cited; *Miller vs. McClain,* 10 Yerg., 245; *Lanier vs. Trigg,* 6 S. & M., 641.

2. Time becomes more material when the value of the property has greatly changed. Lead. Cases in Equity, vol. 2, top p. 20, and note; Story's Eq., vol. 2, 102, and note; Sug. on Ven., 495.

*Cary & Pratt,* for the respondents.

The complainants claim that time was not of the essence of the contract, and that the defendant was not authorized to treat the contract as forfeited in consequence of the nonpayment of the installments as they fell due, neither was he authorized to declare the contract forfeited on the 16th of November, without any previous request of payment, or a previous notice that it must be paid within a reasonable time. *Edgerton vs. Peckham,* 11 Paige, 352; *Braisher vs. Gratz,* 6 Wheat., 528; *Hall et. al. vs. Delaplaine et al.,* 5 Wis., 206.

*By the Court,* DIXON, C. J. The only question in this case is, whether the respondents had by default of payment, lost all right to pay and call for a performance of the contract. We are of the opinion that they had not. For, without en-

tering into any examination of the various defaults made, and the various offers to pay; on the other hand, we think it appears from the evidence that the whole matter was arranged between the parties upon the basis that the respondents' rights were still to continue, and that they were to pay on the 20th of March, 1855. The details of the arrangement are not proved, but it appears sufficiently that such arrangement was made, and that by it Sage was to have been paid on that day. Durand being absent on that day, wrote to his clerk to go and pay all that was due. But not getting the letter in time to pay on the 20th, he went the next morning and offered to pay the entire sum, which Sage declined to take on the ground that it had not been paid the day before, as they had agreed.

We think the previous defaults had been waived by this arrangement, and that time was not so much of the essence of the contract as that one day's default should defeat the rights of the respondents.

The judgment of the court below must be affirmed, with costs.